MILDRED NICHOLAS, PLAINTIFF-RESPONDENT, v. INDEPENDENCE INDEMNITY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

———

MILDRED NICHOLAS, PLAINTIFF-RESPONDENT, v. INDEPENDENCE INDEMNITY COMPANY, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October term, 1932—Decided May 2, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the appellant, *Holmwood & Creighton* (*William E. Holmwood,* of counsel; *Lawrence R. Daly,* on the brief).

For the respondent, *Green & Green* (*Ira J. Katchen,* of counsel and *Ira J. Katchen,* on the brief).

PER CURIAM.

These are actions against the defendant insurance company who insured Minahan Brothers, the owners of a truck the operation of which by one Ramsauer resulted in the accident with which we are concerned in the present suits.

The plaintiff herein, prior to the institution of the present suits had recovered, in suits instituted by her (one for personal injuries and the other for property damages, and tried together), damages against Ramsauer, a defendant therein, but in such suits had failed to recover against Minahan Brothers, also a defendant, judgments in their favor being entered.

Upon the return of executions against Ramsauer unsatisfied the present actions were brought (and tried together) against the Independence Indemnity Company on the policy of insurance issued by it to Minahan Brothers.

The District Court judge, sitting without a jury, rendered judgments for the plaintiff and against the defendant from which the latter appeals.

The policy contained the usual clause as to liability when the car was used by another "with the permission of the assured."

The appellant contends that the court erred in finding that the operator of the assured's automobile had permission to operate it at the time of the accident in question.

That contention we think to be well grounded.

By consent the testimony taken in the earlier trial was admitted on behalf of the defendant. That testimony, as well as the testimony taken in the present trial, fails to show that Ramsauer had permission.

On the contrary we think it shows that he had not. After a certain contracting job had been finished Ramsauer was told by his employer Minahan Brothers, the owners of the truck, to take it to his home and keep it in the yard until another job was ready. He took it out at the time of the accident for his own purpose of removing rubbish from his yard. Ramsauer at the original trial testified specifically that he did not have permission to use the truck; that the yard was a "big yard" and had no garage thereon. At the present trial he testified that he was directed to keep the truck on the premises; that there was some rubbish in the yard and in order to take care of the truck, he used the truck in carrying off some of the rubbish, and it was on this trip that the accident happened. We think that such evidence did not show permission to use the truck on that occasion.

The plaintiff argues that the defendant is estopped from denying the protection of its policy to the driver of the automobile of its assured because of the alleged general appearance of its attorneys for the owner and *driver*.

We think the record fails to support that contention. The plaintiff relies upon the case of *Horn* v. *Commonwealth Casualty Co.,* 105 *N. J. L.* 616; 147 *Atl. Rep.* 483. But there the facts were quite different. There the insurance company defended the suit growing out of the accident over a period of years. Here in the trial of the original actions the counsel for the insurance company denied that they represented Ramsauer. They so stated to the court and refused to undertake Ramsauer's defense. This was made very clear to the .trial judge and the court expressly recognized that Ramsauer was not represented.

The judgment below will be reversed.