SADIE PENZA, PLAINTIFF-RESPONDENT, v. THE CEN-
TURY INDEMNITY COMPANY OF HARTFORD, CONNEC-
TICUT, DEFENDANT-APPELLANT.

Submitted October 29, 1937—Decided January 26, 1938.

For the defendant-appellant, *Skeffington & Walker*.

For the plaintiff-respondent, *Franklin, Kiernan & Cashion*.

The opinion of the court was delivered by

WELLS, J. This is defendant's appeal from a judgment entered in the Essex Circuit Court, in favor of the plaintiff and against the defendant.

The plaintiff, Sadie Penza, prior to the institution of the present action had brought suit against one John H. Edwards, Jr., owner of a Pierce-Arrow sedan, and William Hubert, the driver, to recover damages for the injuries which she sustained in an accident by reason of the negligent operation of said car by Hubert. She recovered a judgment against Hubert but failed to recover against John H. Edwards, Jr., judgment having been entered in his favor.

Upon the return of execution against Hubert unsatisfied, the present action was brought under the statute (*Pamph. L.* 1924, *p.* 352) against the defendant insurance company, which had issued a policy of automobile liability insurance to said John H. Edwards, Jr., as the named assured, covering the said Pierce-Arrow sedan.

The policy contained the so-called "omnibus" clause, which among other things, provided that the unqualified word "Assured" wherever used in the policy, includes not only the named assured, but any other person or organization while legally using such automobile including also any other person or organization legally responsible for the use thereof, provided that such use is with the permission of the named assured, who, if an individual, may give such permission through an adult member of his household, other than a chauffeur or domestic servant. * * *

The present suit was by agreement submitted to the trial court, sitting without a jury, on the pleadings in the original suit, depositions of William Hubert and John H. Edwards, Jr., taken in Washington, District of Columbia, the writ of execution returned unsatisfied and non-waivers, &c.

The plaintiff claims the right to recover from the defendant insurance company the amount of the judgment rendered against Hubert, on the ground that the said "omnibus" clause of the policy of insurance issued by defendant to John H. Edwards, Jr., covers Hubert's liability to the plaintiff. It appears from the evidence that the automobile covered by the policy was owned by John H. Edwards, Jr., and loaned by him to his father, John H. Edwards, Sr., to use; that in the use thereof by the father it was contemplated that it would

be driven by some other person than the father and that the father had the permission to use the car through a chauffeur selected by him.

On August 19th, 1933, the defendant Hubert, who was employed as house-man and chauffeur by John H. Edwards, Sr., at his residence in Washington, District of Columbia, drove him in the Pierce-Arrow sedan from Washington to Montclair, New Jersey. They arrived about midnight (Saturday) and Edwards, Sr., registered at the Montclair Inn and had the clerk of the inn provide accommodations for Hubert and the automobile at a boarding house in the city.

On Sunday morning, August 30th, 1933, Hubert, by direction of his employer, Edwards, Sr., returned with the automobile from his boarding house where he had spent the night and drove Edwards, Sr., about Montclair and vicinity, returning him to the Montclair Inn between six and six-thirty that evening, after which Hubert went with the car to the boarding house provided and parked it in the rear thereof. About an hour later, Hubert, taking the automobile, drove to a point a short distance away, where he picked up four passengers and started on a sight-seeing tour. It was on this trip that the accident occurred.

The trial judge took the position that Edwards, Sr., had turned over the general care and custody of the car to Hubert, who drove it away from the inn without any limitation as to its use from Edwards, Sr., for the balance of the day. From this the trial judge reached his determination that the defendant was liable. With this conclusion we are not in accord.

When Hubert left Edwards, Sr., at the Montclair Inn that evening he told him he was going home and go to bed as he had a very bad cold. Hubert's work for the day was ended so far as Edwards, Sr.'s, interests were concerned when he parked the car in the rear of the boarding house provided for that purpose. Edwards, Sr., did not give Hubert express permission to use the car after that and did not know that he intended to use it or that he had taken the car out. In fact, nothing whatever was said about the use of the car by Hubert that evening for any purpose. It would seem to us

that no implied permission for Hubert to use the car for his own purposes can be spelled out of this.

Permission to take and use a car upon a particular occasion within the meaning and effect of the "omnibus" clause may in a proper case be implied by usage and common practice of the parties. *Maryland Casualty Co.* v. *Ronan* (*C. C. A., Vt.*), 37 *Fed. Rep.* (*2d*) 449; 72 *A. L. R.* 1360.

There is no evidence of any such usage or practice here. It is all to the contrary. Hubert had never taken the car out without his employer's specific permission nor had he ever before used the car for his own purposes.

The implied permission from Edwards, Sr., to Hubert, in view of the common practice that had theretofore existed between them, was that Hubert should return the automobile to the place provided for it by his employer, and that is what he did. As stated before, he parked the car in the rear of the boarding house and after about an hour, feeling better—instead of going to bed as he stated, he took the car from the place where it was parked for the night, and went out on a joy ride of his own, during which he ran into and injured the plaintiff. The hiatus or break which intervened between the parking of the car for the night and the subsequent unauthorized taking thereof by Hubert for his own purposes, distinguishes, in our opinion, this case from *Rikowski* v. *Fidelity and Casualty Co.*, 117 *N. J. L.* 407, relied upon by plaintiff.

In the Rikowski case, Anna S. Yuliani, the assured, was driven by her chauffeur to the Bamberger store, in Newark. She told the chauffeur to find a place to park the car and return for her in an hour. The chauffeur drove several blocks and met some friends whom he invited to take for a ride and while he was driving these persons to their home and before the expiration of the hour, his car collided with the one in which the plaintiff Rikowski was riding. Suit was brought by Rikowski against the chauffeur and the assured. The verdict was for the assured but against the chauffeur and the suit was brought against the insurance company upon the ground that the chauffeur was an insured person under the terms of the defendant's policy.

The trial judge in that case, sitting without a jury, held that the chauffeur at the time of the accident, was not in the act of going to a place for parking, or of returning from parking and that, therefore, under the decision of the Supreme Court in *Nicholas* v. *Independence Indemnity Co.*, 11 *N. J. Mis. R.* 344; 165 *Atl. Rep.* 868, the chauffeur was using the car without permission and was not insured by the policy.

The Supreme Court reversed the trial court, and this court affirmed the Supreme Court.

We distinguished the case from *Nicholas* v. *Independence Indemnity Co., supra,* and *Fox* v. *Minahan,* 114 *N. J. L.* 33, in the following language: "In them the occasion upon which the accident happened was distinctly separate from that on which the permission for use was given. The vehicle was taken to its designated destination and deposited there according to instructions. On another day, without the owner's permission, the vehicle was taken out for an unauthorized use and met with the accident sued upon."

This was substantially so in the instant case, but was not so in the Rikowski case. There the chauffeur had permission at the time of the accident to take and use the car. As Mr. Justice Case, who wrote the opinion for this court, so vividly says: "The owner placed the wheel in his [the chauffeur's] hands and sent him out on the highway, and before his hands had left the wheel and before the car was off the highway, the accident had happened."

In the instant case, however, the accident occurred after Hubert's hands had left the wheel and after the automobile had been taken off the highway and stored away, and it was not until this break in the chain of causation that Hubert's hands again took control (and we think unlawfully) of the wheel of the automobile and the plaintiff was injured.

It seems to us that the facts in the instant case are sufficiently similar to the facts in the Nicholas *v.* Independence Indemnity Co. case and the Minahan *v.* Casualty Co. case, *supra,* to bring it within the rule of law enunciated therein where it was held that the evidence did not show permission

to use the automobile in question; and that here, as in those cases, such a finding is not in conflict with the decision of this court in *Rikowski* v. *Fidelity and Casualty Co., supra.*

Plaintiff cites *Dickinson* v. *Maryland Casualty Co.,* 101 *Conn.* 369; 125 *All. Rep.* 866; *Slovall* v. *New York Indemnity Co.,* 157 *Tenn.* 301; 8 *S. W. Rep.* (2d) 473, and other cases to the effect that the initial permission to use the car invokes the protection afforded by the "omnibus" clause.

It would serve no useful purpose to point out wherein many of the cases cited are distinguishable from the instant case or are contrary to the decisions of our courts on the point involved.

We do not regard this as a case involving an initial permission to use an automobile and a "slight," or any other kind of deviation therefrom. This case has to do with the use of the automobile by Hubert after the permission to use the same had expired.

Giving to the plaintiff's contentions their most favorable aspect, Hubert had permission to operate the automobile in question only to the place provided therefor. If he had deviated while so doing and while deviating the accident in question happened, the defendant insurance company might well be considered liable under the Rikowski *v.* Fidelity and Casualty Co. case, *supra.*

We are of the opinion that the determination reached by the trial judge from the evidence that the chauffeur, Hubert, was legally using the automobile in question at the time of the accident was erroneous.

The judgment is therefore reversed.

*For affirmance*—None.

*For reversal*—The Chancellor, Parker, Lloyd, Case, Bodine, Donges, Heher, Perskie, Hetfield, Dear, Wells, WolfsKeil, Rafferty, JJ. 13.