ELIZABETHTOWN WATER COMPANY CONSOLIDATED, A CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT, v. SALVATORE A. BONTEMPO, COMMISSIONER OF CONSERVATION AND ECONOMIC DEVELOPMENT, *ET AL.*, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 13, 1961—Decided April 5, 1961.

Before Judges GOLDMANN, FOLEY and COLLESTER.

Mr. John R. Sailer argued the cause for appellant.

Mr. Theodore I. Botter, Deputy Attorney General, argued the cause for respondents (Mr. David D. Furman, Attorney General, attorney).

10

The opinion of the court was delivered by

FOLEY, J. A. D.   This is an appeal from a summary judgment in defendants' favor in an action brought in the Chancery Division for a declaratory judgment.   .

The issue presented is whether the trial court properly concluded that the basic dispute between the parties might be more effectively determined if a pending administrative hearing initiated by the defendant Water Policy and Supply Council (Council) is permitted to proceed.

In 1918 plaintiff obtained from the Board of Conservation and Development (predecessor of the Council) approval to divert 20 million gallons of water per day from the Raritan and Millstone Rivers.   It began to divert water under this claimed "right" in 1930.   The aforesaid approval contained the following two conditions:

"6. The Board hereby expressly reserves the right, in case it shall be necessary in the future to provide storage of storm waters along the Raritan and Millstone Rivers or their tributaries for the purpose of supplying municipalities or water companies that may lawfully take water from the said rivers and their tributaries, to apportion the expense of providing the necessary storage among the petitioners and such other companies or municipalities as may at the time have a right to take water from said rivers, their tributaries, or either of them for public or domestic use, as may be equitable.

&ast;    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;    &ast;

9. In the event that any of the conditions hereby imposed are violated and such violation shall be established to the satisfaction of this Board, this approval may thereby be abrogated upon the passage by this Board of a resolution to that effect."

During 1959 Elizabethtown had a number of conferences with state officials, especially members of the Council, with respect to obtaining additional water from Spruce Run Reservoir, and also as to condition 6, above.   The State apparently took the position that Elizabethtown should make a capital contribution to the cost of constructing the Spruce Run Reservoir, while Elizabethtown maintained that condition 6 would be satisfied if it merely purchased water from the reservoir.

Subsequent to these conversations, plaintiff was served with notice that a public hearing would be held on March 10, 1960 by the Council under authority of *N. J. S. A.* 58:1-2 *et seq.* in connection with the 1918 approval of the Elizabethtown Water Company's application to divert water from the Raritan and Millstone Rivers, and more particularly with reference to condition 6, as the same might be affected by *chapters* 34 and 35 of the *Laws of* 1958, authorizing the Round Valley-Spruce Run water supply facilities.

Plaintiff secured an *ex parte* order with preliminary restraint from the Chancery Division on March 2, 1960 requiring defendants to show cause on March 11, 1960 why an interlocutory injunction should not be entered prohibiting defendants from taking any action against the plaintiff under the notice of public hearing or the provisions of the New Jersey Water Supply Law of 1958 (*c.* 34; *N. J. S. A.* 58:22-1 *et seq.*). Consequently, the public hearing was cancelled and has not yet been held. By stipulation, the order to show cause and the preliminary restraint were continued until March 18, 1960, on which date the Chancery Division refused to enter a further restraint on the ground that the Department before which the hearing was to be held has jurisdiction of the matter. An appropriate order was entered denying the motion for an interlocutory injunction, and plaintiff then moved before this court for leave to appeal. We denied leave on April 20, 1960. Thereafter, defendants moved for summary judgment dismissing the entire action, particularly the count seeking a declaratory judgment. Summary judgment was granted, and it is from this order that plaintiff appeals.

*N. J. S.* 2A:16-61 vests discretionary power in the trial court to refuse to render or enter a declaratory judgment if to do so would not terminate the uncertainty or controversy giving rise to the proceeding. See *National-Ben Franklin Fire Ins. Co. v. Camden Trust Co.,* 21 *N. J.* 16, 23 (1956), affirming 36 *N. J. Super.* 249 (*App. Div.* 1955). There seems to be no dispute over the fact that a

declaratory judgment in the case *sub judice* would terminate the uncertainty or controversy.

However, refusal of declaratory relief may also be justified where there is a more effective remedy. *Utility Blade & Razor Co. v. Donovan,* 33 *N. J. Super.* 566, 571 (*App. Div.* 1955). It was upon this ground that the trial court granted summary judgment. The principal dispute on this appeal appears to be whether it was proper to grant summary judgment on that basis. In addition, we must consider the broad and general criterion set forth in *National-Ben Franklin Fire Ins. Co.* as to whether a declaratory judgment would best serve the interests of justice under the circumstances of a particular case. It would seem that the "more effective remedy" criterion is merely one test to determine whether a declaratory judgment would best serve the interests of justice.

Since the dispute on this appeal revolves around the "more effective remedy" standard, we limit our inquiry to whether under the circumstances of the present case the trial court was justified in deciding that plaintiff has a more effective remedy through the administrative process, and hence the interests of justice were better served by its refusing to entertain the declaratory judgment action.

Plaintiff states that the complaint and answer in the declaratory judgment presented two purely legal issues: (1) is the 1918 consent and approval to the diversion of waters a grant of franchise by the State of New Jersey in which the plaintiff has a vested interest; and (2) does condition 6 of the above "grant" require Elizabethtown to make a capital contribution to the cost of the Spruce Run Reservoir? It is argued that both of these issues could be more ably adjudicated by the Chancery Division than by the Council, and as a corollary to this argument it is urged that since the declaratory judgment action merely involved "questions of law" the doctrine of primary jurisdiction is inapplicable.

Although plaintiff characterizes the issues presented as "questions of law," it would seem that the question of whether condition 6 requires Elizabethtown to make a capital contribution to the cost of Spruce Run Reservoir cannot be determined in the abstract, or merely with aid of legal principles. Although the issue concerns the construction and interpretation of a portion of a written instrument, such interpretation may require reference to extrinsic evidence which can best be explained and resolved before the Council. *Cf. United States v. Western Pacific Railroad Co.,* 352 *U. S.* 59, 66, 77 *S. Ct.* 161, 1 *L. Ed. 2d* 126 (1956); *Deerhurst Estates v. Meadow Homes,* 64 *N. J. Super.* 134 (*App. Div.* 1960), certification denied 34 *N. J.* 66 (1960).

■ Cases are not decided, or the law appropriately understood, apart from an informed and particularized insight into the factual circumstances of the controversy in litigation. The ability of the Council to gather the relevant facts and arrange them in a meaningful pattern cannot be gainsaid. Moreover, it is not argued that the Council is incompetent to apply the existing law to these facts and thus arrive at a proper interpretation of the 1918 agreement.

■ Hence, there would seem to be no sound reason which militates against the Council's deciding the issues involved for these reasons: first, after hearing it may decide that plaintiff's interpretation of the 1918 agreement is correct, with the result that costly and time-consuming litigation will be avoided; second, plaintiff will not be exposed to the danger of irreparable harm if the Council is allowed to decide the issue initially since *R. R.* 4:88–12(a) permits application to the Appellate Division for a stay of an administrative order pending appeal therefrom under *R. R.* 4:88–8.

We agree with the trial judge that the administrative process should not presently be impeded by judicial intervention. Accordingly, the judgment of the Chancery Division is affirmed.