SAVERIO PELUSO, PLAINTIFF-APPELLANT, v. TOWNSHIP
OF OCEAN, A MUNICIPAL CORPORATION, ETC., DE-
FENDANT-RESPONDENT, AND JAMES A. ERRICKSON,
DEFENDANT.

Argued May 4, 1965—Decided June 14, 1965.

*Mr. Solomon Lautman* argued the cause for plaintiff-
appellant (*Mr. Donald J. Rapson,* of counsel).

*Mr. Vincent J. Agresti* argued the cause for defendant-
respondent.

The opinion of the court was delivered

PER CURIAM. Assessment of certain lots in Ocean Township for 1928 required a tax payment of $81.64. The payment was not made and in November 1929 the township purchased the lots at a sale for unpaid taxes. The tax sale certificate was duly recorded in the lien records of the Monmouth County Clerk's Office.

On February 6, 1934 plaintiff Peluso acquired title to the lots from the owner of record. It does not appear that he had a municipal tax search made at that time, or that he made any inquiry of the tax collector concerning tax liens or arrears thereon. At oral argument before us, however, it did appear that a full title search made in 1954 indicated to Peluso or his attorney the record existence of the 1929 tax sale certificate. No action was taken with respect to it.

In December 1954 Peluso, through his attorney, ordered a tax search on the lots. He received a certificate from the official tax search office saying: "Not assessed. No taxes on any of the above lots."

On March 28, 1955 the township filed a complaint in the Superior Court for the foreclosure of the tax certificate on the lots (and many others) pursuant to the In Rem Tax Foreclosure Act, L. 1948, c. 96; N. J. S. A. 54:5-104.29 et seq. Judgment vesting title in the township free from any right, title or claim of other persons was entered on July 6, 1955. Peluso was not served personally in that proceeding. The statute did not require such service. Peluso claims he learned of the judgment about July 20, 1961.

On December 22, 1962 plaintiff instituted this action to compel the township to reconvey the lots to him. The thesis of his demand was that he had relied on the official tax search certificate delivered to him by the proper official of the municipality showing no outstanding unpaid taxes on the property, and indicating there had been no "tax sales" thereof. (The parties agree that Peluso has never paid any taxes on the lots in question. The township concedes also that after 1932 it never assessed the lots.) At the pretrial conference

plaintiff asserted that he was "ready, willing and able to pay all just taxes, if any, due and owing on his property."

There was no formal trial of the case. It was submitted to the trial court on the pretrial order, certain oral admissions and briefs. It was handled substantially in the manner of a motion for summary judgment. Judgment was entered for the defendant principally on the ground of laches and the bar of the applicable statute of limitations. Plaintiff appealed to the Appellate Division where, by consent of the parties, certain additional matter was added to the record. Thereupon defendant's judgment was affirmed. That court, without specifically ruling on the statute of limitations defense interposed by defendant, pointed to plaintiff's failure to introduce any testimony at the trial level to show actual ignorance of the tax lien on the property, "good-faith reliance on the tax search certificate, freedom from negligence or laxity over the whole period involved from the beginning, and prompt assertion of his claim upon learning the facts." 85 *N. J. Super.* 209, 219 (*App. Div.* 1964). We granted plaintiff's application for certification. 44 *N. J.* 400 (1965).

After studying the briefs and appendix presented to us, we hold the view that an adequate decision cannot be rendered as the record now stands. Problems of good-faith reliance on the tax search certificate, negligence of plaintiff, laches and the like, are factual issues which can be resolved properly only after all the pertinent testimony on the subjects has been introduced and considered. Consequently the cause must be remanded to permit full testimonial development in those areas, followed by reconsideration and redetermination of all issues by the trial court.

If after full hearing the trial court decides the factual issues in favor of the plaintiff, consideration may then be given to whether the equities involved sufficiently preponderate in plaintiff's favor to justify permitting him to redeem the property from the municipality. If so, the court should decide the equitable basis on which such redemption ought to be conditioned. For example, should the condition be payment

of all back taxes and interest that accrued on the property before the original tax sale of 1929 and that would have accrued thereafter down to the present time, if fair value assessments in fact had been levied thereon during the entire period? The example is for purposes of illustration, not to foreclose or to limit the court's discretion. It may be noted in passing that plaintiff represented in this Court that he "stands ready, able and willing to pay to defendant an amount equal to the aggregate of the taxes assessed, or which should have been assessed, during the entire period covered by the In Rem Tax Foreclosure and the years subsequent thereto, but without interest, in exchange for the reconveyance to him of all the lots involved in that foreclosure, free of municipal liens" This proposal also may be resubmitted for the trial judge's evaluation in the light of his ultimate finding after the parties have submitted their testimony on the subjects above outlined.

Reversed and remanded for the proceedings specified.

*For reversal and remandment*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN—7.

*For affirmance*—None.