162 N.J. Super. 314 (1978)
392 A.2d 1213
THE TOWN OF WEST ORANGE, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BLOCK 107, LOT 1, AS SHOWN ON TAX DUPLICATE, ASSESSED TO JOSEPH A. DE GUGLIELMO AND PETER D. WILLIAMS, TRUSTEES AND BLOCK 107, LOT 1A, AS SHOWN ON TAX DUPLICATE, ASSESSED TO JOSEPH A. DE GUGLIELMO AND PETER D. WILLIAMS, TRUSTEES, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 12, 1978.
Decided September 25, 1978.
*315 Before Judges MATTHEWS, KOLE and MILMED.
Messrs. Chasen, Leyner, Holland & Tarrant, attorneys for appellants (Mr. Lewis M. Holland, on the brief).
Mr. Philip D. Neuer attorney for respondent.
PER CURIAM.
In November 1975 plaintiff Town of West Orange instituted this in rem tax foreclosure action against, among others, the premises here involved, owned by and assessed to defendants. N.J.S.A. 54:5-104.29 et seq. Defendants had filed tax appeals relating to the property for the year 1972, which at the time of the proceedings below, were still pending before the State Division of Tax Appeals.
By way of defense to the present proceedings defendants, among other things, contended that the town's zoning ordinance and other governmental requirements relating to their property were so restrictive as to effectively preclude its use in a way to enable payment of taxes or the tax arrearages due; that these matters bore on the value of the property and on the assessments upon which the tax delinquency had been generated, and thus were pertinent to the appeals from the 1972 assessments that were awaiting hearing in the Division; and that by reason of the pending tax appeals the amounts necessary to redeem the property were indefinite. Under all of these circumstances defendants contended that it was inequitable for the municipality to *316 proceed with the tax foreclosure action and sought a stay of that action.
Admittedly, defendants had made no tax payments on the property since the second half of 1971.
On cross-motions for summary judgment the trial judge ruled he would stay the tax foreclosure proceedings pending adjudication of the tax appeals only if defendants paid such portion of the tax as would have been assessed had they prevailed on the tax appeals  that is, the amount concededly due or ascertainable if they were successful. Defendants refused to comply with this condition for the stay by making the required payment. Accordingly, the action proceeded to final judgment of foreclosure. Defendants appeal from that judgment. We affirm.
The condition imposed by the court below for a stay of the proceedings was eminently fair and involved an equitable accommodation of the needs of the municipality for tax revenues in order to function and the rights of the property owners  the defendants. See Rice v. Newark, 136 N.J. Eq. 53 (Ch. Div. 1944). See also, Peluso v. Ocean Tp., 45 N.J. 51 (1965); McQuillin, Municipal Corporations (3ed.) § 44.178 at 485.
We need not pass on whether all of the defenses here asserted were appropriate to this kind of proceeding. We may assume the validity of the defenses that the taxpayers had not had a true opportunity to contest the assessments because of the delay in the tax appeal administrative process and that the amounts necessary to redeem were rendered uncertain thereby. See Newark v. Yeskel, 5 N.J. 313, 323 (1950), overruled on other gds. by Montville Tp. v. Block 69, Lot 10, 74 N.J. 1 (1977).[1] But defendants' rights in these *317 respects would have been fully preserved had they complied with the equitable condition for the stay of foreclosure action, and the town would have been paid taxes admittedly due from the property in order to meet its governmental needs. Defendants would not have been prejudiced, since they would only be paying the amount of taxes they conceded were owed pending the determination of the tax appeals.
Under these circumstances we see no need for an evidentiary hearing to determine whether the condition for the stay imposed by the court below was indeed equitable in this case.
We have considered the other contentions raised by defendants and find them to be devoid of merit.
Essentially, defendants' thesis would arrogate to a taxpayer the decision as to whether the tax, even as finally determined after appellate review, so exceeds the value of the property as to make it commercially preferable to forfeit or abandon title. Hence, it is argued, any part payment pending on appeal "would be gambled on the outcome of the appeal."
The collection of admittedly due taxes cannot thus be permitted to rest with the unilateral business judgment of a taxpayer. To sustain defendants' contention as a general rule might well seriously frustrate the collection of tax revenues required for governmental operations. The condition imposed by the court below for the stay properly compels the taxpayer to make its commercial choice in advance of the ultimate determination of the tax appeals by the payment of taxes that are conceded to be due. That result, which is just to both the taxpayer and the municipality, merely requires good faith equitable conduct by the taxpayer before it may obtain relief from a pending tax foreclosure action.
*318 The existence in 1972 of statutory provisions, such as N.J.S.A. 54:2-41.5[2] and 54:3-27, relating to the payment of a portion of a tax pending a tax appeal, irrespective of whether they make the payment permissive or mandatory in nature, does not preclude a court of equity from fashioning the type of remedy here involved. These provisions were not intended to interfere with the inherent authority of the court to order a stay of a tax foreclosure action only on equitable terms, such as those here imposed. Indeed, the subsequent history and amendments of the statutory provisions referred to by defendants plainly evince a legislative purpose to compel a taxpayer to pay a part of the taxes due pending a tax appeal. The lower court's determination here fully comports with that legislative intent.
Affirmed.
NOTES
[1] It is clear that in an in rem tax foreclosure proceeding the owner may defend on such grounds as (1) the statute had not been complied with by the municipality, (2) it was not given a right to redeem, (3) it had no opportunity to contest the assessment. However, the assessed valuation of the property itself is of no materiality in that proceeding. Newark v. Yeskel, supra; Montville Tp. v. Block 69, Lot 10, supra; Atlantic City v. Block C-11, Lot 11, 74 N.J. 34, 42 (1977); Bayonne v. Ferenczi, 49 N.J. Super. 100, 103 (App. Div. 1958). See also, Peluso v. Ocean Tp., supra; Newark v. Block 86, Lot 30, 94 N.J. Super. 468 (Ch. Div. 1967).
[2] Repealed by L. 1975, c. 361, § 3.