PER CURIAM.
In New York, Susquehanna and W.R.R. Co. v. Vermeulen, 44 N.J. 491, 501-03, 210 A.2d 214 (1965), the Supreme Court held due process does not forbid compulsion to pay taxes prior to the opportunity to litigate the correctness of a tax. In this case, plaintiff owed three quarters of real estate taxes when it filed its tax appeal. The tax court granted defendant’s motion to dismiss for failure to pay taxes as required by N.J.S.A 54:3-27. In the process, the court ruled there was an insufficient basis to conclude plaintiff, a limited partnership, was unable to pay the three quarters of taxes.
Plaintiff appeals contending its inability to pay should constitute an exception to the requirements of N.J.S.A. 54:3-27 so plaintiffs due process rights can be protected. Alternatively, it argues the tax court erred in denying it a hearing on the issue of ability to pay. We find the contentions clearly without merit and affirm. See R. 2:ll-3(e)(l)(D), (E).
We are bound by the New York, Susquehanna and W.R.R. Co. holding. If an exception is to be carved out, as plaintiff argues it must be, it is for the Supreme Court to do so.
Even so, we conclude Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), does not dictate an exception in this case. In Boddie the Court ruled Connecticut could not deny an indigent defendant access to its divorce court for failure to pay required filing fees. The Court, however, made clear the case was *140 limited to the fact that the bona fides of appellant’s indigency were not in dispute. Id. at 382, 91 S.Ct. at 788, 28 L.Ed.2d at 122.
Here, the tax court rejected plaintiffs contention it could not afford to pay the required taxes. The fact that the real estate in question contains a former manufacturing facility converted into a 190,000 square-foot office building that is almost complete belies the bona fides of plaintiffs indigency contention. The tax bills show the property has a $367,000 assessed valuation. That valuation alone makes factitious plaintiff’s contention of indigency and its consequent reliance on Boddie. See also McKesson v. Division of Alcoholic Beverages, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990); United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973).
Affirmed.