RIMM, J.T.C.,
concurring.
I concur completely with the opinion of Judge Pizzuto for the court. In view of the strong pronouncement of the Appellate Division in J.L. Muscarelle, Inc. v. Saddle Brook Tp., —N.J.Tax - (App.Div.1994), no purpose would normally be served by adding anything to his opinion which relies on that Appellate Division decision holding that “[t]he tax payment prerequisite does not violate a taxpayer’s due process rights.” Id. at-. (Slip opinion at 4).
In its short opinion, the Appellate Division said it all; and, by its affirmance of Muscarelle Development Co., Inc. v. Manalapan Tp., 13 N.J.Tax 330 (Tax 1993), and its reference to the opinion entering the one judgment which it reversed, the Appellate Division considered all the due process arguments which have been made in this ease. I write in concurrence only to emphasize the insidious consequences which would follow from the determination urged by plaintiff in this matter.
In the context of this ease, taxpayers may be divided into two groups: those who pay their taxes on time and those who do not. If we adopted plaintiffs position, those taxpayers who do not pay *442 their taxes on time would be encouraged to file frivolous tax appeals. Those taxpayers who normally pay their taxes on time would be encouraged to delay making those payments while they prosecute appeals. The only loss they would face is the difference between the interest paid to the municipality and the cost of money. Both situations would force municipalities to settle to avoid the expense of otherwise unnecessary litigation and to avoid significant increases in tax rates in order to make up for unpaid taxes. And while the matters are in the Tax Court, municipalities will be deprived of the funds necessary to operate and to provide services to all taxpayers, except upon incurring additional expense for interest on money which they will have to borrow. The unavoidable result would be the imposition of an unnecessary financial burden on other taxpayers by increasing the tax rate in a subsequent year.
“A municipality’s revenues depend on local property taxes, and the legislative history of L. of 1991, c. 75 [N.J.S.A. 54:3-27] refers to the ‘increasingly strained fiscal conditions’ of local municipalities.” Route 88 Office Assoc. v. Brick Tp., 13 N.J.Tax 14, 20 (Tax 1992). Indeed, because of the problems faced by municipalities on account of the non-payment .of taxes, they are forced to take various steps to collect real estate taxes. For example, Hamilton Township, Atlantic County, New Jersey has introduced two separate ordinances intended to pressure late taxpayers into paying delinquent taxes.
The governing body declared open season Monday on delinquent taxpayers____ ‘Every municipality is going after people who are not paying their taxes,’ [a Committeewoman said]. TVe have to protect the citizens who are’____ ‘I think anything we can do to encourage people to pay their taxes will help all the people of Hamilton Township,’ [a Committeeman said].
[Steven R. Levine, Hamilton Declares War on Delinquent Taxpayers, The Press of Atlantic City, November 23, 1994, at C7.]
The acceptance of the argument made by the taxpayer in this matter
could deprive a municipality of substantial tax revenues while an appeal is pending. N.J.S.A. 40A:4-40 emphasizes the legislative concern for fiscal responsibility in the face of unpaid taxes. This statutory provision requires a municipality to set aside a ‘reserve for uncollected taxes’ in its budget and to cover the anticipated shortfall in the collection of the subsequent year’s taxes. Since municipalities must include *443 this reserve in their yearly budgets, they must artificially inflate their fiscal needs and increase tax rates.
[Route 88 Office Assoc. v. Brick Tp., supra, 13 N.J.Tax at 20-21.]
The requirement that taxes be paid for the Tax Court to have jurisdiction over the contest of a local property tax assessment is to avoid putting the burden of an appealing taxpayer’s unpaid property taxes on the other taxpayers in the taxing district, “a burden reflected in the reserve for uncollected taxes, and thus in the tax rate.” Schneider v. City of East Orange, 196 N.J.Super. 587, 593, 483 A.2d 839 (App.Div.1984) (quoting Statement to Assembly, No. 2147, July 11, 1977) aff'd o.b., 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986). In the Schneider case, the Appellate Division said, “[t]he interest of the municipality in receiving timely payment of taxes is clearly significant and outweighs any incidental burden imposed upon plaintiffs, and other taxpayers similarly situated, by this jurisdictional requirement.” Id. at 595, 483 A.2d 839. “It is well settled that this interest of the municipality in receiving timely payment of taxes may be protected. Rosewell v. LaSalle Nat’l Bank, 450 U.S. 503,101 S.Ct. 1221, 67 L.Ed.2d 464 (1981).” Route 88 Office Assoc. v. Brick Tp., supra, 13 N.J.Tax at 23.
The argument of the taxpayer in this case has been effectively disposed of in Town of West Orange v. Block 107, 162 N.J.Super. 314, 392 A.2d 1213 (App.Div.1978):
The collection of admittedly due taxes cannot thus be permitted to rest with the unilateral business judgment of a taxpayer. To sustain defendants’ contention as a general rule might well seriously frustrate the collection of tax revenues required for governmental operations. The condition imposed by the court below for the stay properly compels the taxpayer to make its commercial choice in advance of the ultimate determination of the tax appeals by the payment of taxes that are conceded to be due. That result, which is just to both the taxpayer and the municipality, merely requires good faith equitable conduct by the taxpayer before it may obtain relief from a pending tax foreclosure action.
[Id. at 317, 392 A.2d 1213.]
In Town of West Orange, a tax hen foreclosure matter, the taxpayer sought a stay of the entry of a judgment of foreclosure until pending tax appeals could be heard. However, the taxpayer had failed to pay the amount of taxes then required by the statute to be paid in order to prosecute a tax appeal. To allow the *444 taxpayer to pursue the tax appeals, the lower court conditioned a stay of the foreclosure action on the payment of the taxes required to be paid under the then applicable statute. When the taxpayer refused to pay the taxes, the court entered judgment in the tax lien foreclosure action. The Appellate Division affirmed.
The Town of West Orange case is a telescoped version of precisely what is before this court now and what was before the Appellate Division in J.L. Muscarelle, Inc. v. Saddle Brook Tp., supra. Contrary to the assertion that the present ease is a case of first impression, the very issue raised by the taxpayer in this case was decided adversely to it in Town of West Orange. The court held that judgment in the tax foreclosure action could be entered without the taxpayer having a hearing on its assessment if taxes were not paid as required by the statute.
The critical claim of a denial of due process is vitiated by the complete failure of the taxpayer to prove, or even claim, that it is unable to pay its taxes. It is difficult to understand how a taxpayer is being deprived of due process of law by making a business decision not to pay his taxes.
The motion to dismiss plaintiffs complaint should be granted, and I concur.
I am authorized to state that Judges CRABTREE, SMALL, HAMILL and AXELRAD join in this opinion.