HAMILL, J.T.C.,
concurring.
I concur in the opinion of Judge Pizzuto for the court. I add the following comments because they express the views of several members of the Tax Court.
In this local property tax matter plaintiff filed a direct appeal to the Tax Court of the 1994 assessment on Block 801, Lot 6 in Saddle Brook. The assessment totaled $10,000,000. Pursuant to N.J.S.A. 54:3-27 the taxing district moved to dismiss the complaint for nonpayment of taxes. The statute requires that a taxpayer who appeals an assessment must pay all taxes and municipal charges due, up to and including the first quarter of the *445 current year. The tax collector of Saddle Brook certified that there were outstanding taxes on the property for all of 1993 and the first quarter of 1994 as well as unpaid water bills. As of the •end of August 1994 when the collector’s certification was filed, the total liability, including municipal charges, interest and penalty, amounted to $258,300.96, of which $43,225 was the payment due for the first quarter of 1994.
In support of its motion, defendant taxing district maintains that, under the decided cases, the Tax Court should not hear the matter due to plaintiffs failure to pay the taxes.
In response, plaintiff taxpayer maintains, first, that as a matter of statutory construction, dismissal of the complaint is not the appropriate sanction. The correct sanction, according to plaintiff, is the accrual of interest and penalties and eventually the sale of a tax certificate. Second, plaintiff maintains that dismissal of the complaint without a hearing may violate the Uniformity Clause of the state constitution because, without a hearing, there is no way of knowing whether the assessment is reasonable and nondiscriminatory. Third, according to plaintiff, dismissal of the complaint without a hearing would violate the due process guarantees of the federal and state constitutions unless plaintiff is accorded a reasonableness hearing of the type permitted under Ocean Pines, Ltd. v. Point Pleasant Bor., 112 N.J. 1, 547 A.2d 691 (1988). Unless a reasonableness hearing is provided, plaintiff asserts, the present statutory scheme denies it the opportunity to be heard at a meaningful time and in a meaningful manner because, once the complaint is dismissed, there is no opportunity to challenge the assessment.
I.
Much of plaintiffs argument that dismissal of the complaint is not the appropriate sanction under N.J.S.A 54:3-27 was addressed previously by this court in Joseph L. Muscarelle Dev. Co., Inc. v. Manalapan Tp., 13 N.J.Tax 330 (Tax 1993), aff'd sub nom J.L. Muscarelle, Inc. v. Saddle Brook Tp., 284 N.J.Super. 323 (or *446 — N.J.Tax -) (App.Div.1994).[1] As made clear in the Tax Court’s prior published opinion, decisions of the Appellate Division have consistently confirmed that dismissal of the complaint is the appropriate sanction. Muscarelle, supra, 13 N.J.Tax at 335-38. An additional pertinent case not discussed in the prior Muscarelle opinion is Jefferson-Halsey Roads Assocs., L.P. v. Parsippany-Troy Hills Tp., 13 N.J.Tax 138 (App.Div.1993), appeal dismissed for failure to state a substantial constitutional issue, 135 N.J. 298, 639 A.2d 299 (1994). There, as in its earlier decisions, the Appellate Division affirmed the Tax Court’s dismissal of a local property tax complaint under N.J.S.A. 54:3-27.
Plaintiff suggests that, because those cases do not deal specifically with the language in N.J.S.A. 54:3-27 requiring that taxes be paid “in the manner prescribed in R.S. 54:4-66,” they do not support the conclusion that dismissal is the appropriate sanction. Plaintiffs argument is no longer viable because in its recent Muscarelle decision the Appellate Division affirmed this court’s opinion in Joseph L. Muscarelle Co., Inc. v. Manalapan Tp., supra. In that opinion this court dealt at length with plaintiffs argument that the Appellate Division had failed to address the particular statutory language on which plaintiff relies. It must thus be presumed that in reaching its recent decision, the Appellate Division considered plaintiffs argument and rejected it even though it did not address the argument in precise terms. See State v. Bianco, 103 N.J. 383, 393, 511 A.2d 600 (1986) (“There is no requirement of law or in the court rules that an appellate court must accompany its decision by a written opinion, except in the case of a judge dissenting in the Appellate Division.”).
Plaintiff suggests that the omission of language in N.J.S.A 54:3-27 mandating dismissal of the complaint for nonpayment of taxes indicates that the Legislature did not contemplate any such sanction. Plaintiff, however, concedes that dismissal is the appro *447 priate sanction under N.J.S.A 54:51A-l(b), the provision requiring payment of taxes on an appeal from the county board. That provision is equally devoid of language requiring dismissal of the complaint when the taxes are not paid, and both provisions are equally mandatory in tone, N.J.SA 54:3-27 specifying that the taxes “shall” be paid and N.J.SA 54:51A-l(b) specifying that the taxes “must” be paid. If dismissal is appropriate under N.J.SA 54:51A-l(b), dismissal is appropriate under N.J.SA 54:3-27. Schneider v. East Orange, 196 N.J.Super. 587, 483 A.2d 839 (App.Div.1984), aff'd o.b., 103 N.J. 115, 510 A.2d 1118, cert. denied, 479 U.S. 824, 107 S.Ct. 97, 93 L.Ed.2d 48 (1986) (dismissal under N.J.SA. 54:51A-l(b); Jefferson-Halsey Roads Assocs., L.P. v. Parsippany-Troy Hills Tp., supra (dismissal under N.J.S.A 54:3-27).
During argument plaintiff suggested that the only purpose of N.J.S.A 54:3-27 in its present form is to mandate payment of a specified portion of the taxes so as to permit a taxing district to sell a tax certificate if a taxpayer fails to pay the requisite taxes. This was not possible under the pre-1975 version of the statute, which permitted the taxpayer to pay only that portion of the taxes which were not in dispute. Under that scheme, “Upon payment the municipality was thereafter generally baired from pursuing tax foreclosure proceedings pending disposition of the tax appeals.” Lecross Assocs. v. City Partners, 168 N.J.Super. 96, 98, 401 A.2d 1099 (App.Div.) certif. denied, 81 N.J. 294, 405 A.2d 837 (1979); Rice v. Newark, 136 N.J.Eq. 53, 55, 40 A.2d 13 (Ch. 1944). To the contrary, the legislative history of the 1975 amendment makes clear that the Legislature intended to require payment of a specified portion of the taxes so as to alleviate the financial hardship on taxing districts during the pendency of tax appeals. The Legislature gave no indication that the purpose of the amendment was to permit the sale of a tax certificate. See Senate Revenue, Finance and Appropriations Committee Statement to A 1276, quoted in Lecross Assocs. v. City Partners, supra, 168 N.J.Super. at 98-99, 401 A.2d 1099. Sale of a tax certificate does not replace the prompt payment of delinquent taxes. A municipality may not sell a tax certificate until April 1 of the year following *448 the year in which the taxes become delinquent (or October 1 of that year for municipalities on the State’s fiscal year). N.J.S.A 54:5-19. Nor is it certain that a third party will buy a certificate, particularly when the taxes on the property are in dispute. As pointed out in this court’s prior Muscarelle opinion, 13 N.J.Tax at 337-38, had the Legislature merely intended to permit a municipality to sell a tax certificate and otherwise to leave a municipality to its existing remedies of interest and penalties, it would simply have repealed N.J.S.A 54:3-27, leaving in place the statutory deadlines for paying taxes that are contained in N.J.SA. 54:4-66, the provision for interest on delinquent taxes contained in N.J.SA 54:4-67, and the Tax Sale Law, N.J.SA. 54:5-1 to -129.
II.
Plaintiff asserts that dismissal of its complaint without a hearing could lead to a violation of the Uniformity Clause of the state constitution because there would be no determination that the assessment was set by the “same standard of value” as other properties in the taxing district.
The Uniformity Clause provides:
Property shall be assessed for taxation under general laws and by uniform rules. All real property assessed and taxed locally or by the State for allotment and payment to taxing districts shall be assessed according to the same standard of value, except as otherwise permitted herein, and such real property shall be taxed at the general rate of the taxing district in which the property is situated, for the use of such taxing district.
[N.J. Const, art. VIII, § 1, K 1(a).]
Without doubt the Uniformity Clause guarantees a substantive right to equality in real property taxation. Murnick v. Asbury Park, 95 N.J. 452, 458, 471 A.2d 1196 (1984). This substantive right, however, can be lost by procedural default. Examples include a failure to abide by the April 1 deadline for filing a local property tax appeal (N.J.SA 54:3-21); the 45 day requirement for appealing a decision of a county board of taxation to the Tax Court (N.J.S.A 54:51A-9a); failure to pay taxes on an appeal from the county board to the Tax Court (N.J.SA 54:51A-l(b), and failure to prosecute a local property tax appeal at the county *449 board (N.J.SA 54:51A-lc(2)). Since the appeal of a local property tax assessment is a statutory cause of action, an appealing party must comply with all statutory requirements for maintaining the appeal. F.M.C. Stores Co. v. Morris Plains Bor., 100 N.J. 418, 424, 495 A.2d 1313 (1985).
Under plaintiffs theory, any procedural default would trigger a violation of the Uniformity Clause. The theory is untenable. Unless plaintiff can establish that it is totally incapable of paying the taxes, due perhaps to indigency, its failure to pay the requisite taxes is no different conceptually than a failure to timely file. Counsel conceded during argument that plaintiff is not indigent, stated that he was not asserting that plaintiff could not pay the taxes, conceded that none of plaintiffs properties, to counsel’s knowledge, had been lost through tax foreclosure, and conceded that, when another municipality had scheduled a tax sale of one of plaintiffs properties, plaintiff had paid the taxes to prevent the sale. Plaintiff does not suggest that the present assessment is egregious or arbitrary, maintaining that whether this is so cannot be determined until an appraisal report is obtained. Thus, plaintiffs constitutional right to uniformity is not at risk because plaintiff is helpless to protect that right. It appears that plaintiff has faded to pay the taxes as a result of a business decision not to do so. Under these circumstances there is no violation of the Uniformity Clause.
III.
Plaintiff maintains that the denial of any opportunity to be heard concerning the reasonableness of the assessment violates its rights to procedural due process.
The short answer is that in Jeffersonr-Halsey Roads, supra, the Appellate Division squarely rejected plaintiffs argument and that in the same case our Supreme Court dismissed the taxpayer’s appeal on the ground that no substantial constitutional issue was presented. The taxpayer in Jeffersonr-Halsey Roads had filed a direct appeal, which the Tax Court dismissed on the township’s motion under N.J.SA 54:3-27. The taxpayer argued that its *450 inability to pay the taxes should lead to an exception to the requirements of N.J.S.A 54:3-27 in order to preserve its due process rights. The Appellate Division stated that it was bound by the holding in New York, Susquehanna and W.R.R. Co. v. Vermeulen, 44 N.J. 491, 501-03, 210 A.2d 214 (1965). The Jeffersonr-Halsey Roads court added that the taxpayer’s reliance on Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971), was misplaced because there was no dispute in Boddie that the particular individual seeking access to the courts was indigent whereas the taxpayer before it plainly could not claim indigency since its property had an assessed value of $367,000. Jefferson-Halsey Roads, supra, 13 N.J.Tax at 139-40.
As in Jefferson-Halsey Roads, the statute at issue is N.J.S.A 54:3-27. This means that plaintiff, like the taxpayer in Jefferson-Halsey Roads, had no prior hearing before the county tax board. The assessment on plaintiffs property is $10 million, making any argument of inability to pay even less persuasive than in Jefferson-Halsey Roads. Being unable to establish its inability to pay, plaintiff cannot mount an “as applied” constitutional challenge to the tax payment requirement, and the tax payment requirement is clearly valid on its face. Compare Boddie v. Connecticut, supra, in which the Supreme Court invalidated a filing fee as applied to an indigent couple seeking a divorce, with Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), sustaining the constitutionality of a state statute that required certain shareholders in a shareholders’ derivative suit to post security to cover the defense’s costs in the event the plaintiffs did not prevail.
The Appellate Division’s decision in Echelon Glen Coop., Inc. v. Voorhees Tp., 275 N.J.Super. 441, 646 A.2d 498 (App.Div.), certif. denied, 138 N.J. 272, 649 A.2d 1291 (1994), lends further support to the conclusion that plaintiffs due process argument is foreclosed. There, the Appellate Division upheld the Tax Court’s denial of the taxing district’s motion to dismiss the complaint for nonpayment of taxes under N.J.S.A 54:3-27. The Tax Court had denied the motion on two grounds. The first was the fact that the *451 taxpayer was in receivership and concededly could not pay the taxes. The second was that the taxing district had sold a tax certificate on the property prior to the return date on the township’s motion to dismiss. The Appellate Division first rejected the lower court’s ruling based on the indigency of the taxpayer. Citing Jefferson-Halsey Roads, swpra, it stated, ‘We recently rejected the notion that there is a constitutional right to pursue a tax appeal before payment of the taxes.” Echelon Glen, supra, 275 N.J.Super. at 445, 646 A.2d 498. The court then went on to conclude that the sale of a tax certificate prior to the return date on a motion to dismiss for nonpayment of taxes defeats the motion. Relying on Freehold Office Park v. Freehold Tp., 12 N.J.Tax 433 (Tax 1992), the Appellate Division reasoned that, since the sale of a tax certificate produced the tax revenues that would otherwise have been paid by the taxpayer, the purpose of N.J.S.A. 54:3-27 to ensure an uninterrupted flow of tax revenues during the pendency of a local property tax appeal was fulfilled and there was no need to dismiss the complaint for nonpayment of taxes. Echelon Glen, supra, 275 N.J.Super. at 450, 646 A2d 498. Not only does the case involve the precise statute at issue in the present matter, but it appears to foreclose even the hypothetical situation posed by plaintiff of a taxpayer who cannot afford to pay the taxes necessary to maintain a local property tax appeal.
Two earlier decisions of the Appellate Division reach a similar conclusion that requiring the payment of taxes as a condition for maintaining a local property tax appeal does not violate the Due Process Clause. Both cases involve the tax payment requirement of N.J.S.A 54:51A-lb, which applies on an appeal from the county tax board to the Tax Court. Although it might be argued that the requirements of due process are met in that situation because a taxpayer has already had a hearing before the county board, that was not the basis for the decisions in the two cases. In Woodlake Heights Homeowners Ass’n v. Middletown Tp., 7 N.J.Tax 364 (App.Div.1984), the taxpayer argued that the tax payment requirement was unconstitutional because it prevented access to the courts and an opportunity for a hearing on the merits. The taxpayer questioned the viability of the “pay now, litigate later” *452 principle and the lower court’s reliance on New York, Susquehanna and W.R.R. Co. v. Vermeulen, supra, and General Trading Co. Inc. v. Director, Div. of Taxation, 83 N.J. 122, 416 A.2d 37 (1980). The court responded that, “The principle that taxes must be paid when due as a condition to litigating liability for the amount alleged due is firmly embedded in our law.” Woodlake Heights, supra, 7 N.J.Tax at 366. The court continued that the “critical components of due process” were met — “A taxpayer has an opportunity to be heard before his tax liability is finalized.” Id. at 367. Finally, the court rejected the taxpayer’s reliance on Boddie v. Connecticut, supra, on the ground, equally applicable here, that plaintiff does not plead poverty and that in any event “marriage was involved in the Boddie case and marriage involves a fundamental interest of basic importance to society.” Ibid.
In Schneider v. East Orange, supra, the Appellate Division reached the same result as in Woodlake Heights, affirming against a due process challenge the tax payment requirement that applies on an appeal from a county board to the Tax Court. The court pointed out that the “critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review.” Schneider v. East Orange, supra, 196 N.J.Super. at 595, 483 A.2d 839. The court continued:
Plaintiffs’ opportunity for appropriate review of the county board determination is not impaired by the added procedural limitation that taxes then due be paid before the jurisdiction of the Tax Court can be invoked. The interest of the municipality in receiving timely payment of taxes is clearly significant and outweighs - any incidental burden imposed upon plaintiffs, and other taxpayers similarly situated, by this jurisdictional requirement. See Mathews v. Eldridge 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18, 33 (1976). It is well settled that a taxpayer may be required to pay the taxes then due as a condition to litigating the amount due. General Trading Co. v. Director, Div. of Taxation, 83 N.J. 122, 129 [416 A.2d 37] (1980); N.Y., Susquehanna & W.R.R. v. Vermeulen, 44 N.J. 491, 501, 502 [210 A.2d 214] (1965).
[Id. at 595-96, 483 A.2d 839.]
In her concurring opinion, Judge Dougherty maintains that the Appellate Division cases discussed above are distinguishable because they do not address the complete preclusion of review that ensues when a local property taxpayer fails to pay the taxes requisite to maintaining an appeal. Thus, for instance, the Rail *453 road Tax Law at issue in New York, Susquehanna and W.R.R. Co. v. Vermeulen, supra, provided that the State could file a certificate of debt to secure payment of the taxes but went on to provide that such filing was “without prejudice to the taxpayer’s right of appeal.” See N.J.S.A 54:29A-57.
Admittedly that is- not the case under the local property tax. A failure to pay the taxes pursuant to N.J.S.A. 54:3-27 forecloses the right to judicial review of the assessment provided the issue of nonpayment is properly raised by the municipality. Powder Mill I Assocs. v. Hamilton Tp., 190 N.J.Super. 63, 66, 461 A.2d 1199 (App.Div.1983); Lecross Assocs. v. City Partners, supra, 168 N.J.Super. at 99, 401 A.2d 1099.
The question thus becomes whether the complete preclusion of review that may occur under N.J.S.A 54:3-27 goes beyond the “pay now, litigate later” principle and violates the Due Process Clause.
Judging from the decisions of the Appellate Division discussed above, the answer is “no.” It may be helpful to illuminate the reasoning of the decisions on this point.
First, in Echelon Glen Coop., supra, the Appellate Division indicated that a taxpayer’s indigency did not prevent dismissal of an appeal for nonpayment of taxes. Second, as intimated in Woodlake Heights, supra, and Jefferson-Halsey Roads, supra, there is substantial authority to the effect that costs may be imposed as a precondition for maintaining a lawsuit. The cases uphold the conditions except in extreme circumstances not present here, e.g., indigency, involvement of a fundamental right like marriage, and inability to resolve the particular controversy except by means of the very judicial proceeding that the cost requirement forecloses. Thus, in United States v. Kras, 409 U.S. 434, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973), the Court sustained under the Due Process and Equal Protection Clauses a requirement in the Bankruptcy Act that, in order to obtain a discharge in bankruptcy, filing fees of approximately $50 had to be paid when the petition in bankruptcy was filed. The fees were sustained as applied to an indigent bankrupt against a claim that the require *454 ment would effectively foreclose a discharge in bankruptcy for impoverished individuals. Distinguishing Boddie v. Connecticut, supra, the Court reasoned that a discharge in bankruptcy is not as important a right as marriage. Id. at 444-45, 93 S.Ct. at 637-38. As distinct from the state’s control over the marriage relationship, a debtor, according to the majority, is always’free to negotiate his debts with his creditors. Id. at 445, 93 S.Ct. at 637.[2] The Court concluded by pointing out that in Boddie v. Connecticut, supra, “The Court obviously stopped short of an unlimited rule that an indigent at all times and in all cases has the right to relief without the payment of fees.” Id. at 450, 93 S.Ct. at 640. See also Cohen v. Beneficial Indus. Loan Corp., supra, 337 U.S. at 551-53, 69 S.Ct. at 1228-29 (sustaining payment of security to cover opponent’s legal fees as condition for maintaining shareholders’ derivative suit); Ortwein v. Schwab, 410 U.S. 656, 93 S.Ct. 1172, 35 L.Ed.2d 572 (1973) (applying Kras to uphold imposition of court filing fee as applied to indigent seeking judicial review of welfare agency’s decision reducing his old age assistance benefits); Little v. Streater, 452 U.S. 1, 101 S.Ct. 2202, 68 L.Ed.2d 627 (1981) (invalidating requirement that party pay for blood grouping tests as applied to indigent party in paternity action).[3] As the Court stated in Boddie v. Connecticut, supra:
*455 Due Process does not, of course, require that the defendant in every civil case actually have a hearing on the merits. A State, can, for example, enter a default judgment against a defendant who, after adequate notice, fails to make a timely appearance, or who, without justifiable excuse, violates a procedural rule requiring the production of evidence necessary for orderly adjudication. What the Constitution does require is an “ ‘opportunity ... granted at a meaningful time and in a meaningful manner’ for [a] hearing appropriate to the nature of the case.’ ”
[ 401 U.S. at 378, 91 S.Ct. at 786 (internal citations omitted). ]
While the tax payment requirement may close the courthouse doors to a person unable or, as in this ease, unwilling to pay, there is no violation of the Due Process Clause. Under the reasoning of Boddie v. Connecticut, supra, the pecuniary interest involved in a local property tax appeal lacks the constitutional status of marriage or some other fundamental right. A taxpayer plainly has recourse other than the “judicial machinery” to resolve a local property tax dispute. Alternative avenues include a conference with the assessor before the assessment list is finalized, N.J.S.A 54:4-38, and the opportunity for settlement after a complaint is filed since under N.J.SA 54:3-27 the taxes need not be paid until the return date of the taxing district’s motion to dismiss. Powder Mill I Assocs. v. Hamilton Tp., supra, 190 N.J.Super. at 66, 461 A.2d 1199. In the ease of a revaluation when assessments are likely to change, N.JAC. 18:12-4.9 requires that the revaluation firm give each taxpayer an opportunity to review the proposed assessment prior to November 1 of the year preceding the year in which the revaluation is put into effect.
Under Boddie v. Connecticut a weighing of the relevant governmental and private interests comes down on the side of local government. The point was made by the Senate Revenue, Finance and Appropriations Committee in connection with the 1975 amendment to N.J.S.A 54:3-27. (The 1975 amendment made payment of a portion of the tax a prerequisite to maintaining a tax appeal.) The committee stated:
Prom the tax district viewpoint, collections are required to meet expenses, and when substantial shortfalls occur, a financial hardship is created, or in anticipation of appeals reserves are high, imposing a greater tax burden on the other taxpayers in the district.
*456 [Lecross Assocs. v. City Partners, supra, 168 N.J.Super. at 98-99, 401 A.2d 1099. (quoting Senate Revenue Finance and Appropriations Committee Statement to Assembly Bill No. 1276).]
The reference in the committee statement to a municipality’s “reserves” is significant. As pointed out in Route 88 Office Assoc. v. Brick Tp., 13 N.J.Tax 14 (Tax 1992), N.J.S.A. 40A:4-40
requires a municipality to set aside a “reserve for uncollected taxes” in its budget and to cover the anticipated shortfall in the collection of the subsequent year’s taxes. Since municipalities must include this reserve in their yearly budget, they must artificially inflate their fiscal needs and increase tax rates.
[Route 88 Office Assoc., supra, 13 N.J.Tax at 20-21.]
In the absence of timely payment by an appealing taxpayer, it is the other taxpayers in the taxing district who must make up the shortfall through an increase in the tax rate. In the extreme case of a taxpayer supplying a large portion of a municipality’s rata-bles, a failure to pay taxes pending appeal may bankrupt the town. See, e.g., Curtiss-Wright Corp. v. Borough of Wood-Ridge, 2 N.J.Tax 143, 145-46 (Tax 1981).
Plaintiffs seeming answer is that if a municipality wants its revenues, all it need do is sell a tax certificate on the property. Plaintiff overlooks the fact that a municipality may not sell a tax certificate until April 1 or October 1 (depending on the municipality’s fiscal year) of the year following the tax year, N.J.S.A 54:5-19, and the fact that there may be no buyers for a property where the taxes are in dispute. If no third party buys the tax certificate, the municipality obviously receives no tax monies and must await an additional six months in order to foreclose the equity of redemption. N.J.S.A. 54:5-104.34. In the interim, the municipality must collect the shortfall in revenues from its remaining taxpayers.
Weighed against a municipality’s interest in an uninterrupted flow of tax revenues during the pendency of a tax appeal and the implicit interest of the other taxpayers in the district, is an individual taxpayer’s interest in obtaining judicial review of the assessment. As a general rule, that interest is purely economic— a reduction in the amount of local property taxes. A denial of due process or of the state constitutional right to uniformity in taxation is implicated only if a taxpayer truly cannot pay one quarter *457 of the taxes and municipal charges, perhaps due to indigency. But see Echelon Glen Coop., supra, 275 N.J.Super. at 445, 646 A.2d 498. Absent such a showing, dismissal of the complaint results from a volitional act on the taxpayer’s part — a business decision not to pay the taxes.
In the event plaintiff had paid the required charges and pursued its appeal to a successful conclusion, it would have been entitled to a refund of the excess taxes plus interest at 5%. N.J.S.A. 54:3— 27.2. Thus the only “property” that is irretrievably lost by paying the taxes in advance is the difference between the rate of interest that a taxpayer could earn on the amount of the refund and the 5% statutory rate of interest on the same amount.
Analyzed under Mathews v. Eldridge, supra, 424 U.S. at 335, 96 S.Ct. at 903, the result is the same. A weighing of the private and governmental interests again comes down on the side of local government. The third Mathews factor, the risk of an erroneous deprivation of property, ibid, is acceptable where tax revenues are concerned. While due process generally requires that
‘an individual be given an opportunity for a hearing before he is deprived of any significant property interest,’ ... it is well established that a state need not provide predeprivation process for the exaction of taxes.
[McKesson Carp. v. Division of Alcoholic Beverages and Tobacco, 496 U.S. 18, 37, 110 S.Ct. 2238, 2250, 110 L.Ed.2d 17 (1990).]
If a state can exact taxes prior to a judicial determination of their validity, it is plain that, where taxes are concerned, an erroneous, temporary deprivation of property is acceptable for due process purposes. The deprivation caused by the prehearing exaction of taxes lasts only until the appeal is resolved and the taxpayer, if successful, obtains a refund of the erroneously enacted tax, plus interest. N.J.S.A 54:3-27.2.
Judge Dougherty’s second ground for distinguishing the Appellate Division decisions discussed earlier in this opinion appears to be that the court failed to consider the tax payment requirement in conjunction with the Tax Sale Law. According to the argument, if the court had considered that statute, it would have realized that, unlike the typical “pay now, litigate later” statutory scheme, under the tax payment provision of N.J.S.A 54:3-27 and *458 the Tax Sale Law, once the taxes are not paid, there is no further opportunity to challenge the merits of the assessment. The argument continues that, if a hearing were provided under the Tax Sale Law during which the validity and/or the amount of the assessment could be challenged, the situation would be analogous to that in New York, Susquehanna, and W.R.R. Co. v. Vermeulen, supra. If the local property taxpayer chose not to pay and suffer the consequences, a hearing would nevertheless be provided under the Tax Sale Law.
The argument does not serve to distinguish the Appellate Division’s decisions. That court’s citation of Boddie v. Connecticut, supra, and United States v. Kras, supra, in Jefferson-Halsey Roads, and its citation of these cases plus Ortwein v. Schwab, supra, in Woodlake Heights demonstrate that the court viewed the tax payment requirements of N.J.S.A. 54:3-27 and N.J.S.A 54:51A-lb as “door closing” provisions analogous to the filing fee requirements in the cited cases. Thus, the court did not rely exclusively on the “pay now, litigate later” principle of New York, Susquehanna & W.R.R. Co., supra, General Trading Co., supra, and McKesson, supra. Having sustained the tax payment requirements, despite their effect of denying access to judicial review, the court had no reason to consider whether the Tax Sale Law provided a hearing.
It cannot plausibly be maintained that the consequences under the Tax Sale Law, N.J.S.A 54:5-1 to -129, and the In Rem Tax Foreclosure Act, N.J.S.A 54:5-104.29 to -104.75, are so extreme that the usual balance in favor of a taxing authority under the “pay now, litigate later” principle has to be rethought. In West Orange v. Block 107, 162 N.J.Super. 314, 392 A.2d 1213 (App.Div. 1978), the Appellate Division upheld the tax payment requirement in the context of the ultimate sanction — loss of the property in a tax foreclosure proceeding. The court sustained the trial judge’s refusal to stay the tax foreclosure action unless the taxpayer paid *459 the amount of tax that was concededly due,[4] stating, “The collection of admittedly due taxes cannot ... be permitted to rest with the unilateral business judgment of a taxpayer.” Id. at 317, 392 A2d 1213. The Appellate Division plainly did not view the loss of a taxpayer’s property as too severe a sanction for the failure to pay taxes.
Here, there is absolutely no evidence that plaintiff has or will lose its property through tax foreclosure. The court should not rule on facts that are not before it, much less decide constitutional issues “unless absolutely imperative in the disposition of the litigation.” Donadio v. Cunningham, 58 N.J. 309, 325-26, 277 A.2d 375 (1971); Hanover Ins. Co. v. Franke, 75 N.J.Super. 68, 74, 182 A.2d 164 (App.Div.), certif. denied, 38 N.J. 308, 184 A.2d 421 (1962); Elizabethtown Water Co. Consol, v. Bontempo, 67 N.J.Super. 8, 13, 169 A.2d 719 (App.Div.1961).
As there is no evidence that plaintiff will lose its property through tax foreclosure, it cannot successfully maintain that the tax payment requirement, as applied in its case, violates the Due Process Clause. This leaves only the possibility of a facial challenge based on a possible loss of the property through tax foreclosure. Merely to state the argument reveals its logical flaw. The “facial invalidity” of the tax payment requirement would depend upon an event that may or may not occur. A statute cannot be facially unconstitutional if it operates constitutionally in some instances.
In the last analysis, Judge Dougherty confuses the opportunity for a hearing on the merits of a tax assessment with an actual hearing. “The fundamental requirement of due process is the opportunity to be heard ‘at a meaningful time and in á meaningful manner.’ ” Mathews v. Eldridge, supra, 424 U.S. at 333, 96 S.Ct. at 901 (quoting Armstrong v. Manzo, 380 U.S. 545, 552, 85 S.Ct. 1187, 1191, 14 L.Ed.2d 62 (1965)). This does not mean that *460 “every civil litigant [is entitled] to a hearing on the merits in every case.” Logan v. Zimmerman Brush Co., 455 U.S. 422, 437, 102 S.Ct. 1148, 1158, 71 L.Ed.2d 265 (1982). The Due Process Clause does not prohibit a state from conditioning the opportunity for a hearing based on “reasonable procedural requirements” such as statutes of limitation, “or in an appropriate case, filing fees.” Ibid. See also Boddie v. Connecticut, supra, 401 U.S. at 378, 91 S.Ct. at 786. Plaintiff has had an opportunity for a hearing and has chosen not to take it by refusing to pay the requisite taxes.
In a case such as this one where plaintiff has the wherewithal to pay the taxes, the tax payment requirement operates no differently than a typical “financial sanction” imposed to “encourage” taxpayers to pay their taxes prior to a judicial determination of the validity of the tax. McKesson Corp. v. Division of Alcoholic Beverages and Tobacco, supra, 496 U.S. at 37, 110 S.Ct. at 2250. Whether a different result might obtain in the case of a truly indigent taxpayer must abide those facts. See Donadio v. Cunningham, supra, 58 N.J. at 325-26, 277 A.2d 375.
IV.
Plaintiff maintains that, in order to avoid a constitutional violation, N.J.S.A 54:3-27 must be interpreted to allow a reasonableness hearing of the kind permitted under N.J.SA 54:4-34 as a result of the decision in Ocean Pines, Ltd. v. Pt. Pleasant Bor., supra.
As the court has concluded that the tax payment requirement is constitutional despite its effect of denying access to judicial review of the assessment, there is no need to deal with plaintiff’s final argument. But if plaintiffs predicate were correct, the answer would not be a reasonableness hearing.
N.J.S.A 54:4-34 requires the owner of income producing property to supply the assessor with a statement of the property’s income. If the information is not timely supplied, the statute (1) requires the assessor to “value [the] property at such amount as he may, from any information in his possession or available to him, reasonably determine to be the full and fair value thereof’ and (2) *461 forecloses a taxpayer from appealing the assessment. (Emphasis added).
In Ocean Pines, Ltd. v. Pt. Pleasant Bor., 213 N.J.Super. 351, 517 A.2d 472 (App.Div.1986), aff'd, 112 N.J. 1, 547 A.2d 691 (1988), the Appellate Division held that N.J.S.A. 54:4-34 did not violate a taxpayer’s due process rights because the statute contained “a relaxation provision,” requiring that the assessor “reasonably determine” the value of the property based on information in his possession or available to him. Id. at 354-55, 517 A.2d 472. This provision ensured that the assessment would be in compliance with the New Jersey constitutional requirement of uniform assessments. In affirming the availability of a reasonableness hearing, our Supreme Court stated:
Because we agree with the court below that such an appeal is provided for in the statute itself, we do not reach the question of whether such a hearing may be constitutionally required, see, e.g., In re Baby M, 109 N.J. 396, 450-51, 537 A.2d 1227 (1988), and we express no view in respect of the Appellate Division’s constitutional analysis.
[Ocean Pines, Ltd. v. Pt. Pleasant Bor., 112 N.J. 1, 11, 547 A.2d 691 (1988), (emphasis added).]
Thus the basis for our Supreme Court’s finding that the taxpayer was entitled to a reasonableness hearing under N.J.S.A 54:4-34 was the statutory language contained in that section. The Supreme Court did not adopt the idea that a reasonableness hearing was required by the New Jersey Constitution.
N.J.S.A 54:3-27 contains no requirement that an assessment be reasonable or that an assessor reasonably determine an assessment based upon information in his possession or available to him. In the complete absence of any statutory reasonableness standard, there is no basis for the judiciary to create the right to a reasonableness hearing under N.J.S.A 54:3-27. If a court can create a reasonableness hearing under N.J.S.A 54:3-27, it can just as easily create one under N.J.S.A 54:3-21 for taxpayers who fail to file a tax appeal by April 1, or for taxpayers who fail to appeal an adverse determination of a county board of taxation within 45 days pursuant to N.J.S.A 54:51A-9a, or for taxpayers who fail to pay the requisite taxes under N.J.S.A 54:51A-lb on an appeal from a county board to the Tax Court, or for taxpayers whose *462 complaints are subject to dismissal under N.J.S.A 54:51A-lc for failure to prosecute their appeal at the county board.
To the extent that a reasonableness hearing under N.J.S.A 54:4-34 may be constitutionally required to ensure compliance with the Uniformity Clause, any such imperative derives from the timing of the assessor’s request for income and the preclusion of an appeal for failure to respond. The purpose of N.J.S.A. 54:4-34 is to aid the assessor in formulating an assessment. SKG Realty Corp. v. Wall Tp., 8 N.J.Tax, 209, 211 (App.Div.1985); Delran Holding Corp. v. Delran Tp., 8 N.J.Tax 80, 83 (Tax 1985). Thus, chapter 91 income requests must be sent before an assessment is finalized, in fact at least 45 days before that date because the statute allows a taxpayer 45 days to respond. Westmark Partners v. West Deptford Tp., 12 N.J.Tax 591, 597 (Tax 1992). If a taxpayer fails to respond, the assessor knows that the statute precludes an appeal of the assessment. N.J.S.A. 54:4-34. Without the prophylaxis of a reasonableness hearing, there would be no check on a patently arbitrary assessment because the assessor would know when the assessment was made that no appeal was possible. The situation differs with respect to the tax payment requirement of N.J.S.A 54:3-27. The nonpayment issue arises only when a taxing district raises it at the county tax board or on a direct appeal to the Tax Court. Lecross Assocs. v. City Partners, supra, 168 N.J.Super. at 99-100, 401 A.2d 1099. This is long after the assessor has fixed the assessment. There is thus no need to create a reasonableness hearing under N.J.S.A 54:3-27 as a check on the assessor and to guarantee a taxpayer’s right to uniformity in taxation.
V.
In summary, the Appellate Division has resolved the issues of statutory construction and constitutionality presented in this case. Failure to comply with the tax payment requirement of N.J.S.A. 54:3-27 justifies dismissal of the complaint. “[Fjailure to exploit [the] opportunity [for a hearing] does not project a due process denial” regardless of the remedies contained in the Tax Sale Law. *463 J.L. Muscarelle, Inc. v. Saddlebrook Tp., supra, 284 N.J.Super. 323 (or — N.J.Tax-) (App.Div.1994) (slip op. at 6).
CRABTREE, RIMM, SMALL, and AXELRAD, JJ., concur in this opinion.

 In its consolidated opinion, the Appellate Division affirmed the Tax Court's judgment in the Muscarelle matters involving Saddle Brook Township for the 1993 tax year (the same property that is involved in this appeal for 1994), Manalapan Township for the 1993 and 1994 tax years, and Hanover Township.

 Turning to the plaintiffs equal protection argument, the Court in Kras stated that bankruptcy legislation is economic in nature. Thus, Congress's classification need only meet a rational basis test. That basis was found in Congress’ attempt to make the bankruptcy system self-sustaining through the imposition of fees. United States v. Kras, supra, 409 U.S. at 446-49, 93 S.Ct. at 638-40. The same is true of tax legislation and the tax payment requirement. Both are economic in nature.

 With Little v. Streater, supra, the Court may have substituted a procedural due process analysis based on Mathews v. Eldridge, supra, for the substantive due process/equal protection analysis it had previously applied in court access cases. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 430, n. 5, 102 S.Ct. 1148, 1154, n. 5, 71 L.Ed.2d 265 (1982). It has been suggested that Mathews provides a more flexible approach. Christopher E. Austin, Note, Due Process, Court Access Fees, and the Right to Litigate, 57 N.Y.U.L.Rev. 768, 779-80, 794 (1982). As will be seen below at 19, the result here is the same whether plaintiff's argument is addressed as an issue of substantive or procedural due process.

 N.J.S.A. 54:3-27 as in effect for the years at issue in West Orange v. Block 107, supra, required payment of only those taxes conceded to be due. Lecross Assocs. v. City Partners, supra, 168 N.J.Super. at 98, 401 A.2d 1099.